IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ADRIENNE GALLUSSER and LYDIA**  **PLAINTIFFS**
**SMITH, Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                              No. 3:22-cv-_675_-RGJ

**THE SILLY AXE CAFE, LLC,**  **DEFENDANTS**
**and ANGELA PIKE**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Adrienne Gallusser and Lydia Smith (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action against Defendants The Silly Axe Cafe, LLC, and Angela Pike (collectively "Defendants" or "Defendant"), state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  Plaintiffs, each individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs and all others similarly situated all wages as required by the FLSA.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described *infra*.

## II.  JURISDICTION AND VENUE

3. The United States District Court for the Western District of Kentucky has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendants conduct business within the State of Kentucky, operating a restaurant in Louisville.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Kentucky has personal jurisdiction over Defendants, and Defendants therefore "reside" in Kentucky.

## III.  THE PARTIES

6. Plaintiff Adrienne Gallusser ("Gallusser") is an individual and resident of Jefferson County.

7. Plaintiff Lydia Smith ("Smith") is an individual and resident of Jefferson County.

8. Separate Defendant The Silly Axe Cafe, LLC ("Silly Axe Cafe"), is a Kentucky limited liability company.

9. Silly Axe Cafe's registered agent for service of process is Tracy Pike at 1912 Wrocklage Avenue, Louisville, Kentucky 40205.

10. Separate Defendant Angela Pike ("Pike") is an individual and resident of Kentucky.

11. Defendants, in the course of their business, maintain a website at https://www.thesillyaxecafe.com/.

## IV. FACTUAL ALLEGATIONS

12. Pike is a principal, director, officer, and/or owner of Silly Axe Cafe.

13. Pike, in her role as an operating employer of Silly Axe Cafe, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

14. Pike took an active role in operating Silly Axe Cafe and in the management thereof.

15. Pike, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

16. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as cooking utensils and equipment, and food and beverage products.

17. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

18. Defendants are an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

19. In the course of their duties for Defendants, Plaintiffs regularly used instrumentalities of interstate commerce such as their cell phones and the internet.

20. In the course of their duties for Defendants, Plaintiffs regularly used goods moved in interstate commerce such as food, supplies and equipment.

21. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

22. Plaintiffs were employed by Defendants within the three years preceding the filing of this lawsuit.

23. Specifically, Gallusser worked for Defendants as an hourly-paid sous chef from November of 2019 until April of 2022.

24. Smith worked as an hourly cook from October of 2021 until April of 2022.

25. Plaintiffs regularly or occasionally earned tips from Defendants' customers as part of their compensation.

26. Defendants also employed other tipped employees during the three years preceding the filing of this lawsuit.

27. Defendants regularly withheld Plaintiffs' tips.

28. Defendants also regularly withheld the tips of other tipped employees.

29. 20 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

30. Gallusser asked Defendants to pay her her tips in March of 2022, but Defendants refused to do so.

31. Gallusser was required to work hours which went uncompensated.

32. Specifically, Gallusser was required to complete spreadsheets, create a training manual and other training resources, and prepare for and take a manager certification exam off the clock.

33. Pike told Gallusser to track her hours for this work, but then Pike refused to pay Gallusser for the time.

34. Gallusser worked hours off the clock in weeks in which she also worked more than forty hours.

35. Gallusser requested that Defendants pay her for her off-the-clock work several times, but Pike refused to do so.

36. Defendants failed to pay Gallusser for all hours worked, including sufficient overtime pay for hours over forty.

37. Defendants made no reasonable efforts to ascertain and comply with applicable law.

26. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and other tipped employees violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

32. At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections, and benefits provided by the FLSA.

33. Plaintiffs brings their claims for violation of the FLSA as a collective action pursuant to Sections 207 and 16(b) of the FLSA, 29 U.S.C §§ 207 and 216(b), on behalf of all persons who were, are, or will be employed as similarly situated within the statute of limitations period, who are entitled to payment of the following types of damages: Tips; Liquidated damages; and Attorney's fees.

34. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

35. The relevant time period dates back three years from the date on which this lawsuit was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

36. The members of the proposed FLSA collective are similarly situated in that they share the following traits: (A) They were paid hourly; (B) They regularly earned tips; and (C) They did not receive all the tips they earned.

37. Because these employees are similarly situated to Plaintiffs, and are owed unpaid wages for the same reasons, the proposed collective is properly defined as follows:

**All tipped employees within the past three years.**

38. Plaintiffs are unable to state the exact number of the potential members of the proposed collective but believes that the collective exceeds twenty individuals.

39. Defendants can readily identify the members of the Section 16(b) collective, which encompasses the tipped employees in the last three years.

40. The names, cell phone numbers, email addresses, and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text and first class mail (or email) to their last known addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

41.   Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42.   At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

43.   At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44.   Under FLSA regulations, tips are the property of the employee, whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

45.   Despite the entitlement of Plaintiffs to earned tips under the FLSA, Defendants failed to pay Plaintiffs all the tips that they earned.

46.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

47.   Defendants failed to pay Gallusser for all hours worked.

48.   Defendants failed to pay Gallusser a sufficient overtime premium for all hours worked over forty each week.

49.   Defendants' failure to pay Plaintiffs all wages or tips owed was willful.

50.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

51. Plaintiffs, individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Plaintiffs and similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

53. At all relevant times, Plaintiffs and similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

54. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiffs and others similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

55. Under FLSA regulations, tips are the property of the employee, whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

56. Despite the entitlement of Plaintiffs and others similarly situated to earned tips under the FLSA, Defendants failed to pay them all the tips they earned.

57. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Adrienne Gallusser and Lydia Smith, each individually and on behalf of all others similarly situated, respectfully pray as follows:

    A.    That each Defendant be summoned to appear and answer this Complaint;

    B.    For orders regarding certification of and notice to the proposed collective members;

    C.    For an order of this Honorable Court entering judgment in favor of Plaintiffs and the proposed collective members against Defendants for their actual economic damages in an amount to be determined at trial;

    D.    For liquidated damages as provided for under the FLSA and its related regulations;

    E.    For attorneys' fees, costs, and pre-judgment interest; and

    F.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ADRIENNE GALLUSSER and LYDIA SMITH, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*LEAD COUNSEL FOR PLAINTIFFS*

**THE LAWRENCE FIRM, PSC**

*/s/ Anne L. Gilday*
Anne L. Gilday
606 Philadelphia Street
Covington, Kentucky 41011
Telephone: (859) 578-9130
Facsimile: (859) 578-1032
anne.gilday@lawrencefirm.com

*LOCAL COUNSEL FOR PLAINTIFF*