UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Case No. 3:22-cv-00675-RGJ

*Electronically Filed*

ADRIENNE GALLUSSER and LYDIA　　　　　　　　　　　　　　　　　PLAINTIFFS
SMITH, Each Individually and on Behalf
Of All Others Similarly Situated

v.

THE SILLY AXE CAFÉ, LLC,　　　　　　　　　　　　　　　　　　　　DEFENDANTS
and ANGELA PIKE

### ANGELA PIKE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, Angela Pike ("Mrs. Pike"), by and through counsel, for her Answer and Affirmative Defenses to the Plaintiffs' Complaint, states as follows:

### JURISDICTION AND VENUE

1. Mrs. Pike admits that Plaintiffs have brought this action and denies the remainder of Paragraph 1 of the Complaint.

2. Mrs. Pike denies the averments made in Paragraph 2 of the Complaint.

3. The averments made in Paragraph 3 of the Complaint are legal conclusions and require no response from Mrs. Pike. To the extent a response is required, Mrs. Pike denies the averments made in Paragraph 3 of the Complaint.

4. Mrs. Pike admits the averments made in Paragraph 4 of the Complaint.

5. The averments made in Paragraph 5 of the Complaint are legal conclusions and require no response from Mrs. Pike. To the extent a response is required, Mrs. Pike admits the averments made in Paragraph 5 of the Complaint.

## PARTIES

6.  Mrs. Pike is without knowledge sufficient to form a belief as to the truth of the averments made in Paragraph 6 of the Complaint and, therefore, denies the same.

7.  Mrs. Pike is without knowledge sufficient to admit or to deny the averments made in Paragraph 7 of the Complaint and, therefore, denies the same.

8.  Mrs. Pike admits the averments made in Paragraph 8 of the Complaint. Mrs. Pike denies that the Plaintiffs may pursue its claims in this action against The Silly Axe Café as a result of the automatic stay pursuant to 11 U.S.C. § 362.

9.  Mrs. Pike admits the averments made in Paragraph 9 of the Complaint.

10. Mrs. Pike admits the averments made in Paragraph 10 of the Complaint.

11. Mrs. Pike admits the averments made in Paragraph 11 of the Complaint.

## FACTS

12. Mrs. Pike admits the averments made in Paragraph 12 of the Complaint.

13. In response to the averments made in Paragraph 13, Mrs. Pike admits that she could hire and fire Plaintiffs Gallusser and Smith. Mrs. Pike also admits that she supervised these Plaintiffs' work and determined their schedules. Mrs. Pike admits that she made decisions regarding Plaintiffs' compensation, although, to the extent the phrase in Paragraph 13, "or lack thereof[,]" is designed to support the above allegations related to withholding compensation, that phrased averment is denied.

14. Mrs. Pike admits the averments made in Paragraph 14.

15. Mrs. Pike admits that averments made in Paragraph 15 relating to supervision of Plaintiffs' work schedules and day-to-day job duties. To the extent the Paragraph 15 averment

relating to "pay policy" alleges that Mrs. Pike supervised the payment of compensation to employees of The Silly Axe Café, it is admitted.

16. Mrs. Pike is without knowledge sufficient to form a belief as to the truth of the averments made in Paragraph 16 of the Complaint and, therefore, denies the same.

17. Mrs. Pike denies the averments made in Paragraph 17 of the Complaint.

18. In response to Paragraph 18, Mrs. Pike admits that Silly Axe Café, LLC is an employer as that term is defined under the Fair Labor Standards Act (FLSA), but she denies that she was the Plaintiffs' employer at all times relevant to the allegations in the Complaint.

19. In response to the averments made in Paragraph 19 of the Complaint, Mrs. Pike admits that Plaintiffs used their cell phones as timers while cooking. Mrs. Pike denies that Plaintiffs otherwise used their cell phones or at all used the internet in the course of their duties.

20. In response to the averments made in Paragraph 20 of the Complaint, Mrs. Pike admits the averments made in Paragraph 20 of the Complaint.

21. Mrs. Pike is without knowledge sufficient to form a belief as to the truth of the averments made in Paragraph 21 of the Complaint and, therefore, denies the same.

22. In response to Paragraph 22, Mrs. Pike admits that at times during the three years preceding the filing of Plaintiffs' Complaint, Plaintiffs Gallusser and Smith were employed by The Silly Axe Café LLC.

23. Mrs. Pike denies the averments made in Paragraph 23 of the Complaint.

24. Mrs. Pike denies the averments made in Paragraph 24 of the Complaint.

25. In response to the averments made in Paragraph 25 of the Complaint, Mrs. Pike admits to the truth of the averments relating to Plaintiff Smith and denies the truth of the averments relating to Plaintiff Gallusser.

26. Mrs. Pike admits the averments made in Paragraph 26 of the Complaint.

27. Mrs. Pike denies the averments made in Paragraph 27 of the Complaint.

28. Mrs. Pike denies the averments made in Paragraph 28 of the Complaint.

29. Mrs. Pike denies the averments made in Paragraph 29 of the Complaint.

30. Mrs. Pike denies the averments made in Paragraph 30 of the Complaint.

31. Mrs. Pike denies the averments made in Paragraph 31 of the Complaint.

32. Mrs. Pike denies the averments made in Paragraph 32 of the Complaint.

33. Mrs. Pike denies the averments made in Paragraph 33 of the Complaint.

34. Mrs. Pike denies the averments made in Paragraph 34 of the Complaint.

35. Mrs. Pike denies the averments made in Paragraph 35 of the Complaint.

36. Mrs. Pike denies the averments made in Paragraph 36 of the Complaint.

37. Mrs. Pike denies the averments made in Paragraph 37 of the Complaint.

38. Mrs. Pike denies the averments made in Paragraph 38 of the Complaint, inaccurately numbered "Paragraph 26" of the Complaint.

## REPRESENTATIVE ACTION ALLEGATIONS

39. Mrs. Pike is without knowledge sufficient to form a belief as to the truth of the averments made in Paragraph 39 of the Complaint, inaccurately numbered "Paragraph 32" of the Complaint, and, therefore, denies the same.

40. Paragraph 40, inaccurately numbered "Paragraph 33" of the Complaint, states a legal conclusion to which no response is required. To the extent a response is required, Mrs. Pike denies the averments made in Paragraph 40.

41. Mrs. Pike is without knowledge sufficient to form a belief as to the truth of the averments in Paragraph 41, inaccurately numbered "Paragraph 34" of the Complaint, and, therefore, denies the same.

42. Mrs. Pike denies the averments made in Paragraph 42 of the Complaint, inaccurately numbered "Paragraph 35" of the Complaint.

43. Mrs. Pike denies the averments made in Paragraph 43 of the Complaint, inaccurately numbered "Paragraph 36" of the Complaint.

44. Mrs. Pike denies the averments made in Paragraph 44 of the Complaint, inaccurately numbered "Paragraph 37" of the Complaint.

45. Mrs. Pike is without knowledge sufficient to form a belief as to the truth of the averments in Paragraph 45, inaccurately numbered "Paragraph 38" of the Complaint, and, therefore, denies the same.

46. Mrs. Pike is without knowledge sufficient to form a belief as to the truth of the averments in Paragraph 46, inaccurately numbered "Paragraph 39" of the Complaint, and, therefore, denies the same.

47. Paragraph 47, inaccurately numbered "Paragraph 40" of the Complaint, states a legal conclusion to which no response is required. To the extent a response is required, Mrs. Pike denies the averments made in Paragraph 47.

## FIRST CAUSE OF ACTION

48. Paragraph 48, inaccurately numbered Paragraph 41 of the Complaint, states a legal conclusion to which no response is required. To the extent a response is required, Mrs. Pike denies the averments made in Paragraph 48 of the Complaint.

49. Mrs. Pike denies the averments made in Paragraph 49 of the Complaint, inaccurately number Paragraph 42 of the Complaint.

50. Mrs. Pike denies the averments made in Paragraph 50 of the Complaint, inaccurately numbered Paragraph 43 of the Complaint.

51. Paragraph 51, inaccurately numbered Paragraph 44 of the Complaint, states a legal conclusion to which no response is required. To the extent a response is required, Mrs. Pike denies the averments made in Paragraph 51 of the Complaint.

52. Mrs. Pike denies the averments made in Paragraph 52 of the Complaint, inaccurately numbered Paragraph 45 of the Complaint.

53. Paragraph 53, inaccurately numbered Paragraph 46 of the Complaint, states a legal conclusion to which no response is required. To the extent a response is required, Mrs. Pike admits the averments made in Paragraph 53 of the Complaint.

54. Mrs. Pike denies the averments made in Paragraph 54 of the Complaint, inaccurately numbered Paragraph 47 of the Complaint.

55. Mrs. Pike denies the averments made in Paragraph 55 of the Complaint, inaccurately numbered Paragraph 48 of the Complaint.

56. Mrs. Pike denies the averments made in Paragraph 56 of the Complaint, inaccurately numbered Paragraph 49 of the Complaint.

57. Mrs. Pike denies the averments made in Paragraph 57 of the Complaint, inaccurately numbered Paragraph 50 of the Complaint.

## **SECOND CAUSE OF ACTION**

58. Paragraph 58 of the Complaint, inaccurately numbered Paragraph 51, states a legal conclusion to which no response is required. To the extent a response is required, Mrs. Pike denies the averments in Paragraph 58 of the Complaint.

59. Mrs. Pike denies the averments in Paragraph 59 of the Complaint, inaccurately numbered Paragraph 52 of the Complaint.

60. Mrs. Pike denies the averments made in Paragraph 60 of the Complaint, inaccurately numbered Paragraph 53 of the Complaint.

61. Paragraph 61 of the Complaint, inaccurately numbered Paragraph 54, states a legal conclusion to which no response is required. To the extent a response is required, Mrs. Pike denies the averments in Paragraph 60 of the Complaint.

62. Paragraph 62 of the Complaint, inaccurately numbered Paragraph 55, states a legal conclusion to which no response is required. To the extent a response is required, Mrs. Pike denies the averments in Paragraph 62 of the Complaint.

63. Mrs. Pike denies the averments made in Paragraph 63 of the Complaint, inaccurately numbered Paragraph 56 of the Complaint.

64. Paragraph 64 of the Complaint, inaccurately numbered Paragraph 54, states a legal conclusion to which no response is required. To the extent a response is required, Mrs. Pike denies the averments in Paragraph 57 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

65. All or part of the Plaintiffs' complaint fails to state a claim against Mrs. Pike upon which relief can be granted.

## SECOND DEFENSE

66. The Complaint fails due to the applicable statute of limitations.

## THIRD DEFENSE

67. The Complaint fails due to the doctrine of laches.

## FOURTH DEFENSE

68. The Complaint fails under the doctrines of payment and/or partial payment.

## FIFTH DEFENSE

69. Mrs. Pike relies upon all of the affirmative defenses contained in Fed. R. Civ. P. 8(c)(1), including but not limited to failure to state a claim; assumption of risk; waiver; accord and satisfaction; and estoppel.

## SIXTH DEFENSE

70. Mrs. Pike reserves the right to amend her pleadings following discovery to assert additional defenses and/or to assert counterclaims, cross-claims and/or third-party claims Mrs. Pike may have but of which she currently has no knowledge.

WHEREFORE, Defendant, Angela Pike, demands as follows:

1. That the Plaintiff's Complaint be dismissed, with prejudice;
2. That she be granted her attorneys' fees; and
3. For all other relief to which Mrs. Pike may be entitled.

Respectfully submitted,

/s/ Michael W. McClain
Michael W. McClain
GOLDBERG SIMPSON, LLC
Norton Commons
9301 Dayflower Street
Prospect, KY 40059
Main:  502.589.4440; Direct:  502.585.8561
Fax:  502.410.0528
mmcclain@goldbergsimpson.com
*Counsel for Defendant, Angela Pike*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and accurate copy of the foregoing was filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to counsel of record.  It is further certified that a true and correct copy of the foregoing was served via U.S. Mail, postage prepaid and/or via electronic mail, on this the 11th of September, 2023 to:

Anne L. Gilday
The Lawrence Firm, PSC
606 Philadelphia Street
Covington, KY  41011
anne.gilday@lawrencefirm.com
*Local Counsel for Plaintiffs*

Josh Sanford
Sanford Law Firm, LLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR 72211
josh@sanfordlawfirm.com
*Lead Counsel for Plaintiffs*

/s/ Michael W. McClain
*Counsel for Defendant, Angela Pike*