IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ADRIENNE GALLUSSER and LYDIA SMITH, Each Individually and on Behalf of all Others Similarly Situated**      **PLAINTIFFS**

vs.      No. 3:22-cv-675-RGJ

**THE SILLY AXE CAFÉ, LLC, and ANGELA PIKE**      **DEFENDANTS**

### PLAINTIFFS' TRIAL BRIEF

#### I. STATEMENT OF THE FACTS

Plaintiffs, former employees of Defendants The Silly Axe Café, LLC, and Angela Pike, brought this lawsuit to recover unpaid wages under the Fair Labor Standards Act ("FLSA"). Plaintiff Gallusser worked for Defendants from November 2019 to April 2022 and Plaintiff Smith worked for Defendants from October 2021 to April 2022. Both Plaintiffs regularly earned tips as part of their compensation. The trial will concern mainly the amount of tips that Plaintiffs received and the amount of work they were required to perform off-the-clock.

When Plaintiff Gallusser began her employment at The Silly Axe Cafe she was told that she would receive an hourly wage and also participate in a tip pool with the other employees. In early 2022, Gallusser was informed by Defendant Pike that she would no longer receive tips, as they were being withheld to fund the operations of the restaurant and to pay Pike. Prior to this change, Gallusser had regularly received tips ranging from $50 to $100 per week. However, between January 2022 and April 2022, she received no

tips at all. As part of her employment, Gallusser had access to the restaurant's office, where she discovered documentation from the bookkeeper, including a screenshot of a text message exchange between Pike and the bookkeeper. The exchange referred to taking tips "for my mom," leading Gallusser to believe that Pike had been taking a portion of the tips as early as July 2021. Gallusser raised her concerns about the withheld tips directly with Pike, who acknowledged the situation and explained that the tips were being diverted to support the restaurant's finances. Additionally, Gallusser was required to perform off-the-clock work, including routine tasks such as cooking and cleaning. Furthermore, Gallusser performed unpaid work outside of regular hours, including compiling the employee handbook and preparing recipes.

Lydia Smith worked a variety of roles for Defendants during her employment. Smith was told by Pike that the tips would be divided among the employees, and customers were also led to believe that their tips would be shared with the staff. Although Pike had participated in a tip pool with Defendants' other employees, in January 2022 Pike had taken control of the tip pool. Pike informed Smith and her colleagues that the tip pool was being withheld so that raises could be funded. While credit card tips were processed through the system and divided by an accountant, the cash tips were never distributed to Smith, as Pike retained them.

## II.   ISSUES OF FACT TO BE RESOLVED AT TRIAL

At trial, the central issue to be resolved is whether Plaintiffs were entitled to receive tips during their employment at The Silly Axe Cafe, and whether Defendants wrongfully withheld those tips. Specifically, the Court must determine the amount of tips that Gallusser and Smith were entitled to receive and whether those tips were improperly

diverted or retained by Defendants. A related issue is whether the Plaintiffs were included in a tip pool, and if so, whether their participation in that pool was consistent with the requirements set forth by the Fair Labor Standards Act (FLSA).

Additionally, the factual inquiry will be complicated by the question of whether Defendants' actions, including their statements regarding the distribution and use of tips, amounted to unlawful retention or diversion. Plaintiffs will contend that Defendants misrepresented the nature of the tip pool. Specifically, statements made by the owner, Pike, indicating that tips were being withheld to fund the restaurant and to pay herself, may have led employees to believe that they were entitled to share in the tips, when in fact, they were wrongfully denied those earnings. The Court must assess whether Defendants' actions violated the FLSA's stringent regulations governing the retention and distribution of tips, which require that tips remain the property of the employees.

With regards to damages, the Court must determine the amount of tips, if any, that were wrongfully withheld from Gallusser and Smith and how the amount of tips to which they were entitled can be calculated.

In addition to the issues surrounding tips, the Court must also consider Gallusser's claims regarding unpaid off-the-clock work. Gallusser will present testimony demonstrating that she performed work outside her regular hours at the direction of Defendants and without compensation. This includes time spent performing duties such as recipe development and preparing the employee handbook, for which she was not paid. The Court must evaluate whether such off-the-clock work constitutes additional unpaid wages that are owed to Gallusser under the FLSA.

### III.     DISPUTED ISSUES OF LAW

The legal issues to be resolved at trial concern the interpretation and application of the Fair Labor Standards Act (FLSA), particularly with regard to tip pools and the unlawful withholding of tips. The FLSA strictly prohibits employers from taking or using tips for any purpose other than distributing them to employees. 29 U.S.C. § 203(m); 29 C.F.R. § 531.52. The Court must assess whether Defendants' actions, including the retention of tips to fund the restaurant and pay the owner, violated these provisions.

The legal issues to be resolved at trial also include whether Gallusser was unlawfully required to perform off-the-clock work without compensation. Under the FLSA, employees must be compensated for all hours worked, including those worked outside of their scheduled shifts, and employers cannot require employees to perform work "off the clock." See 29 C.F.R. § 785.11. Gallusser asserts that she was instructed by Defendants to perform work outside of her scheduled hours, including tasks such as cooking, cleaning, and administrative duties, and that she was not compensated for this additional work. The FLSA requires that employees be paid for all hours worked, including any work performed before or after their scheduled shifts, unless the work is *de minimis*, i.e., minimal in time and scope. See 29 C.F.R. § 785.47.

Gallusser also alleges that she performed unpaid work from home, such as developing recipes and preparing the employee handbook. The FLSA's regulations provide that if the employer "knows or has reason to believe that the work is being performed," they must compensate the employee for such time. 29 C.F.R. § 785.12. If Gallusser can provide sufficient evidence that Defendants knew or should have known about her off-the-clock work, the Court will need to determine whether she is entitled to

compensation for those hours. The question of whether these hours were compensable is crucial, as the FLSA mandates that any work outside the regular shift that is not *de minimis* must be compensated at the applicable minimum wage or overtime rate.

Finally, the Court must determine whether Plaintiffs are entitled to damages, including liquidated damages, attorney's fees, and costs under the FLSA. Pursuant to 29 U.S.C. § 216(b), liquidated damages are mandatory unless the employer can demonstrate that the violation was not willful and that they acted in good faith. Additionally, the FLSA provides that Plaintiffs are entitled to reasonable attorney's fees and costs for the successful prosecution of their claims. See 29 U.S.C. § 216(b).

### IV.     PLAINTIFFS' POSITION ON DISPUTED ISSUES

Plaintiffs will demonstrate that Defendants improperly retained tips that were earned by the Plaintiffs in violation of the Fair Labor Standards Act. Under the FLSA, tips are considered the property of the employee, and this entitlement exists irrespective of whether the employer takes a tip credit. The Defendants' actions in withholding these tips will be shown to have violated this fundamental principle, depriving the Plaintiffs of their rightful earnings.

Further, Plaintiffs will present compelling evidence establishing that Gallusser performed work outside of her scheduled hours at the direction of Defendants, and did so without receiving compensation, thus depriving her of the overtime wages to which she was entitled under the FLSA.

Finally, Plaintiffs will argue that Defendants' actions were not made in good faith and that they acted with a clear disregard for the protections afforded to employees under the FLSA. Specifically, Plaintiffs will assert that Defendants knew or should have known

that withholding tips and failing to pay overtime wages violated the FLSA. The Plaintiffs' repeated requests for payment, which Defendants ignored, along with the overall pattern of conduct by Defendants, will serve as evidence that Defendants failed to act in good faith. Under the FLSA, liquidated damages are mandatory unless the employer can show that the violation was made in good faith and with reasonable grounds for believing that the conduct was lawful. *See* 29 U.S.C. § 216(b). Plaintiffs will argue that Defendants cannot meet this burden, as their failure to pay tips and overtime wages was not based on any reasonable belief that their actions complied with the FLSA. Therefore, Plaintiffs will seek liquidated damages, which are required unless Defendants can prove their good faith defense.

## V.    CONCLUSION

Plaintiffs contend that Defendants willfully violated the FLSA by withholding earned tips, failing to pay for off-the-clock work, and denying overtime compensation. Plaintiffs seek a judgment in their favor, including unpaid wages, withheld tips, liquidated damages, and attorney's fees and costs. Based on the witnesses and evidence disclosed, Plaintiffs believe the trial of this matter can be completed in two days.

Case 3:22-cv-00675-RGJ-CHL    Document 40    Filed 12/23/24    Page 6 of 7 PageID #: 112

Page 6 of 7
Adrienne Gallusser, et al. v. The Silly Axe Cafe, et al.
U.S.D.C. (W.D. Ky.) No. 3:22-cv-675-RGJ
Plaintiffs' Trial Brief

Respectfully submitted,

**ADRIENNE GALLUSSER and LYDIA SMITH, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

*Lead Counsel for Plaintiffs*

**THE LAWRENCE FIRM, PSC**

Anne L. Gilday
606 Philadelphia Street
Covington, Kentucky 41011
Telephone: (859) 578-9130
Facsimile: (859) 578-1032
anne.gilday@lawrencefirm.com